U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 AUG 31 PM 3: 03

CLERK
BY PM
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| JOSEPH MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:10-cv-243 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Doc. 17)

This matter came before the court for a review of the Magistrate Judge's July 29, 2011 Report and Recommendation ("R & R") in the above-captioned matter (Doc. 17). Neither party has objected to the R & R, and the deadline for doing so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974).

Plaintiff Joseph Martin brought this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, requesting the court to review and remand the decision of the Commissioner of Social Security (the "Commissioner") which denied his application for Social Security Disability Insurance Benefits and Supplemental Security Income based upon a finding that Mr. Martin was not disabled. Thereafter, Mr. Martin filed a motion to reverse the Commissioner's decision (Doc. 7) and the Commissioner filed a motion to affirm (Doc. 15).

Pursuant to the Social Security Act, a "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

In reviewing the Commissioner's decision that Mr. Martin is not disabled, the court must confine its *de novo* review of the administrative record to a determination of whether there is "substantial evidence" to support the Commissioner's factual findings, and whether the Commissioner applied the correct legal standards in rendering a decision. 42 U.S.C. § 405(g); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). It is the Commissioner, and not the court, that resolves evidentiary conflicts and determines credibility. *See Richardson*, 402 U.S. at 399.

In his twenty page R & R, the Magistrate Judge carefully reviewed the factual record and the competing motions and determined that Administrative Law Judge ("ALJ") Thomas Merrill erred in adjudicating Mr. Martin's claim because he failed to properly apply the treating physician rule with regard to the opinions of Dr. Timothy Burdick and Dr. Mark Heitzman. *See Halloran v. Barnhart*, 177 F.3d 128, 134 (2d Cir.

1999) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

The Magistrate Judge concluded that the ALJ further erred in giving "great weight" to the opinions of non-examining agency medical consultants without providing a sufficient explanation for doing so. *See Vargas v. Sullivan*, 898 F.2d 293, 295-96 (2d Cir. 1990) ("The general rule is that . . . reports of medical advisors who have not personally examined the claimant deserve little weight in the overall evaluation of disability.").

Finally, the Magistrate Judge concluded that on remand, the ALJ should make new credibility determinations with regard to Mr. Martin, and re-examine the materiality of his alcohol use after an initial disability determination has been made.

The court agrees with the Magistrate Judge's conclusions and hereby ADOPTS the R & R in full. For the reasons set forth therein, the court hereby GRANTS Mr. Martin's Motion to Reverse (Doc. 7) and DENIES the Commissioner's motion to affirm (Doc. 15). This case is hereby REMANDED for proceedings consistent with this Order. SO ORDERED.

Dated at Rutland, in the District of Vermont, this 31st day of August, 2011.

_____
Christina Reiss, Chief Judge
United States District Court